**FARRALL v. HOOD et al.**

No. 10887.

Court of Civil Appeals of Texas. Dallas.

Nov. 1, 1930.

B. W. Ashworth, of Dallas, for appellant.
Shelby S. Cox, of Dallas, for appellees.

JONES, C. J.

Appellant, C. E. Farrall, has duly prosecuted this appeal from a judgment of the district court of Dallas county overruling an

application for a temporary writ of injunction against Hal A. Hood, sheriff of Dallas county, the interested appellee in this case. The other appellees are the official bondsmen. A hearing was had on the application for the temporary writ of injunction, and the following is a sufficient statement of the facts for an understanding of the issues involved in this appeal:

Appellant is lawfully engaged in the practice of law and resides in the city of Dallas, where he maintains a law office. Appellee is the sheriff of Dallas county, and as such sheriff is in charge of the county jail in which persons charged with crime are confined for safe-keeping. Appellant appears to have been attorney for three persons charged with the commission of a felony and confined in the county jail. Appellee, as sheriff, had promulgated certain rules in reference to the time within which persons, including attorneys, were usually permitted to visit the jail and for attorneys to interview clients, and also in reference to the conduct of such visitors while on business to the county jail. These rules were promulgated as an aid in securing the safety of prisoners and their orderly conduct while in the jail. One of such rules is that an attorney visiting such jail shall not solicit business from inmates of the jail who are not his clients. On the occasion in question, appellant visited the jail for the purpose of interviewing his three clients, but was denied by the sheriff the privilege of seeing them, although appellant claimed that it was necessary for him to have the interviews in the due prosecution of their defense. This visit was attempted to be made within the hours allowed by the sheriff for such purpose. This attempt was repeated, and again appellant was unable to interview any client in the jail. On the latter visit, the sheriff said that he would see the parties and see if appellant represented them and if they wanted to see him, and he afterwards reported to appellant that only one of the parties wanted to see him, and that he would bring such prisoner on the first floor of the jail and let him have his interview on such floor, but would not permit him in any event to interview such prisoner on the sixth floor of the jail where the client and other prisoners were confined. Appellant claims that the prisoner was not brought down within the half hour that he waited to see him, while appellee Hood claims that, when he brought the prisoner down, appellant had left the jail. Appellee does not state what time intervened from the promise to appellant before the prisoner was brought to the lower floor. Appellee informed appellant that the reason he denied him the privilege of other attorneys whom he allowed to talk to prisoners on the floor on which they were confined was because he had violated the rule in reference to soliciting business from other prisoners, confined in the jail, whom he did not represent. This appellant denied and informed appellee that he was mistaken, but appellee insisted that such was the truth, because he had been so informed by his deputies. Appellant was also informed that, for the same reason, he would not be permitted in the future to visit that portion of the jail where prisoners were confined, even though he represented one or more of them as attorney.

At the hearing on the application for a temporary injunction there was no testimony introduced in reference to appellant's violation of such rule, except that given by appellee, to the effect that what he knew in respect to appellant's conduct in reference to the alleged violation was from information given him by his deputies. It was not stated what deputy or deputies gave the information, nor, on what occasion appellant violated the rule. No deputy testified on the hearing. Other witnesses testified in behalf of appellant in reference to their requesting him to visit the jail and interview certain inmates, including the three clients, who wanted to see him as an attorney, and in one instance appellant had been employed by a relative of the prisoner to represent him in a preliminary hearing.

■ This suit was at once filed by appellant, for relief by mandatory injunction against the sheriff, and to recover damages from appellee and his bondsmen on his official bond, because of the alleged conduct of appellee on such occasions, alleging he had been injured in his good name and in his professional standing by the charges made against him by appellee, and also that he had suffered actual damages in the loss of the fees from clients he then represented, and in the loss of remuneration in the way of fees he would have earned in the future practice of criminal law, because he could not accept employment in criminal cases unless he would be allowed the privilege of interviewing clients who were confined in the county jail. He also alleged that the conduct of the sheriff in respect to the matters complained of was willful and sought recovery of exemplary damages. It is not necessary in this review to set out the various allegations contained in appellant's petition. Suffice it to say that these allegations, as against a general demurrer, state a cause of action. The bondsmen are not interested parties on this appeal, and the term "appellee" refers only to Sheriff Hood. Appellant's petition was duly verified.

Appellee's answer was not verified and consisted of a general demurrer, a number of special exceptions, a general denial, and an answer to the merits. This answer alleged that appellant had violated appellee's rule in reference to talking to, and soliciting business from, those confined in the county jail who were not represented by him, for which

reason he would not permit appellant to enter that portion of the jail where prisoners were confined, but alleged that appellant would be permitted to talk to, and consult with, any client of his confined in the jail, but that such consultation must be had on the first floor of the jail where no prisoners are confined.

■ The affidavit of the Dallas county jailer, taken after this appeal was prosecuted, shows that neither of the three clients appellant claimed to represent are now confined in the jail, but that all three have been released. A motion was filed by appellee to dismiss this appeal, for the reason that the three clients are no longer confined in the jail, and the ground, made the basis for the issuance of a temporary writ of injunction, does not now exist. The affidavit of the jailer is attached to this motion, and the fact of release from jail of appellant's clients is thus made known to the court.

The order of the court on the hearing of the application for the issuance of the injunction recites that the court "is of the opinion that the answer of defendant admits that he will in the future permit the plaintiff, C. E. Farrall, to see and consult with his clients confined in the Dallas county jail, under the care and custody of defendant, Hal A. Hood, sheriff, under certain reasonable rules and regulations as the defendant sheriff, Hal A. Hood, may prescribe, and that, in view of such admission, the court is of the opinion that said mandatory injunction should be refused; the court is of the further opinion that the restraining injunction shall be denied."

While appellant complained of the denial of his asserted right to interview the three clients specifically named in the affidavit of the jailer, this was not the entire grounds of his complaint against appellee, for the right of the immediate issuance of the temporary writ of injunction. He alleged that appellee, as sheriff, had directed that appellant should not be permitted in the future to interview any client who might thereafter seek his professional service, when confined in the county jail. This allegation he sustained by his own evidence. Appellee denied by his testimony that he would pursue such course toward appellant to the extent of refusing him an interview with such client, but that he would deny him the right to interview any client in the future in that portion of the jail where prisoners are confined, and would require such interview to be on the first floor of the jail, where no prisoners are confined; that he was enforcing such rule of conduct against appellant because he had theretofore repeatedly violated his rule in reference to prohibiting attorneys who visited the jail to interview prisoners, other than their clients, for the purpose of soliciting employment.

The affidavit forming the basis for appellee's motion to dismiss did not purport to deal with this ground for injunction. The motion to dismiss the appeal is overruled. Did the court err in denying the temporary writ of injunction based upon allegations other than those in respect to the three clients?

■ The sheriff is made by law the custodian of prisoners confined in the county jail and is responsible for their safe-keeping. He has the right to exercise discretion and caution as to admitting attorneys to the jail, even when they are there in discharge of their professional duties to clients. He may regulate such visits by formulating reasonable rules controlling attorneys in respect thereto, and it is incumbent upon the attorneys to recognize such right in the sheriff and to regulate their conduct on such occasions in compliance therewith. Wilmans v. Harston (Tex. Civ. App.) 234 S. W. 233. A sheriff, however, cannot arbitrarily deny a prisoner the privilege of consulting with counsel, or deny such counsel the privilege of consulting with a client confined in jail. When there is such a denial, there exists grounds for the immediate issuance of a mandatory injunction against the sheriff to compel him to recognize such right.

Under the law of this state, if a sheriff unlawfully denies to any prisoner committed to his keeping the right to consult with his attorney, he is guilty of a grave misdemeanor. Article 1176, 1925 Penal Code. On the other hand, if an attorney forgets his high calling and the privileges it brings to him, so far as to misuse this right and, under the guise of seeking an interview with a client in the jail, avails himself of the opportunity thus given him to solicit business from other unfortunates who are confined in the county jail, he is also guilty of a grave misdemeanor. Article 430, 1925 Penal Code. Not only would an attorney at law so offending violate a criminal law of this state, but the commission of such an act is statutory grounds for disbarment. Article 313, 1925 R. C. S.

■ The rule promulgated by the sheriff that an attorney shall not solicit business from other prisoners while visiting the jail for the purpose of interviewing his client is no more than a precautionary measure designed to prevent an infraction of law within the jail, and it necessarily follows that such rule is, not only reasonable, but one that any attorney should willingly obey, both in letter and spirit.

■ Under the sworn testimony given by appellant, he neither infringed upon this rule nor violated the statute upon which the rule is based. Under this record, we must find that appellant did not violate this rule, for the testimony given by appellee is only to the effect that he was informed by some of his deputies that appellant had violated

such rule, but personally knew of no violation. This evidence being hearsay, it cannot be considered as tending to establish the fact that appellant had violated the rule in the particular mentioned. The most that can be said of it is that it shows the probable existence of testimony which would tend to establish such fact. It must be borne in mind, however, that the testimony of appellee denied that he issued an order foridding appellant the right to interview future clients who may be confined in the county jail.

In view of the fact that the three clients, in reference to whom the temporary writ was primarily sought, are no longer confined in the county jail, and that the ground for the issuance of the writ in this respect no longer exists, and in view of the further fact that the other ground for the issuance of the writ rests upon disputed testimony, we must hold that the trial court did not abuse its discretion in the judgment rendered. It necessarily follows that the judgment must be affirmed.

Affirmed.